UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

MARTIN A. MARTINEZ,

                   Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICER FRAUNDORFER shield #18836,
                   Defendants.
———————————————————————X

JUDGE CROTTY

'07 CIV 5811

**COMPLAINT**

PLAINTIFF
DEMANDS
TRIAL BY JURY



RECEIVED
JUN 2 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

        PLAINTIFF MARTIN A. MARTINEZ by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which PLAINTIFF MARTIN A. MARTINEZ (hereinafter "MARTINEZ") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about January 28, 2006, at the intersection of Cypress Avenue and Grove Street, Queens, New York, MARTINEZ was falsely arrested by officers employed by the New York City Police Department (hereinafter "NYPD"). It is alleged that the defendants falsely arrested MARTINEZ in violation of his constitutional rights, and as a result

MARTINEZ was detained for approximately ten (10) days. Defendants mistakenly imprisoned MARTINEZ in connection with a bench warrant issued for a different individual known as Mario Martinez. MARTINEZ was released from custody, after approximately ten days, without any charges relating to the warrant. As a result of the incident, MARTINEZ suffered loss of enjoyment of life, mental anguish, shame, humiliation, indignity, economic damages, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff MARTINEZ resides at 343 Grove Street, Apartment 2R, Brooklyn, NY 11237.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), and as such is the public employer of the Defendants herein.

5. Defendant POLICE OFFICER FRAUNDORFER shield #18836 (hereinafter "FRAUNDORFER"), was an NYPD police officer, and at all relevant times

hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment. At all relevant times hereto, FRAUNDORFER was acting under the color of state and local law. Defendant FRAUNDORFER is being sued in his/her individual and official capacity.

### IV. FACTS

6. On or about January 28, 2006, at approximately 4:02 P.M. MARTINEZ was driving a vehicle near the intersection of Cypress Avenue and Grove Street in the County of Queens, New York.

7. FRAUNDORFER stopped MARTINEZ. After demanding MARTINEZ's license and registration, FRAUNDORFER informed MARTINEZ that there was a warrant for his arrest and placed him in custody. MARTINEZ protested his innocence, however his pleas were ignored.

8. While in custody, a fingerprint comparison was performed which demonstrated that MARTINEZ had no prior criminal history. Nevertheless, Defendants detained MARTINEZ for ten days.

9. On February 6th, 2006, Defendants performed a second fingerprint comparison.

10. Shortly thereafter, MARTINEZ was released from custody.

11. That heretofore and on the 28th day of April, 2006, MARTINEZ's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of MARTINEZ, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of

damage and injuries sustained.

12. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

13. Paragraphs 1 through 12 of this complaint are hereby realleged and incorporated by reference herein.

14. That Defendants had neither valid evidence for the arrest of MARTINEZ nor legal cause or excuse to seize and detain him for approximately ten 4days.

15. That in detaining MARTINEZ for approximately ten days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

16. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

17. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

18. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MARTINEZ's rights alleged herein.

19. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MARTINEZ's rights, subjected MARTINEZ to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

20. By reason of the foregoing, MARTINEZ suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

21. Paragraphs 1 through 20 are hereby realleged and incorporated by reference herein.

22. That the seizure, detention and imprisonment of MARTINEZ was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

23. That Defendants intended to confine MARTINEZ.

24. That MARTINEZ was conscious of the confinement and did not consent to it.

25. That the confinement was not otherwise privileged.

26. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of MARTINEZ's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

27. That by reason of the foregoing, MARTINEZ suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29. That Defendants with malicious intent, arrested MARTINEZ and initiated a criminal proceeding despite the knowledge that MARTINEZ had committed no crime.

30. That the criminal matter against MARTINEZ was terminated in his favor and the court dismissed all charges against him.

31. That there was no probable cause for the arrest and criminal proceeding.

32. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MARTINEZ's rights, deprived MARTINEZ of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and

Fourteenth Amendments of the United States Constitution.

33. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, MARTINEZ was maliciously prosecuted despite the fact that he had committed no violation of the law.

34. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

35. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MARTINEZ's rights alleged herein.

37. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

38. That upon information and belief, in 2006, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

39. That by reason of the foregoing, MARTINEZ suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

VIII. NINTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. That Defendants acted with malicious intent, arrested MARTINEZ and initiated a criminal proceeding despite the knowledge that MARTINEZ had committed no crime.

42. That the criminal matter was dismissed in MARTINEZ's favor.

43. That there was no probable cause for the arrest and criminal proceeding.

44. Defendants knew or should have known that there was no likelihood of a conviction of MARTINEZ.

45. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of MARTINEZ's rights, deprived MARTINEZ of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

46. That by reason of the foregoing, MARTINEZ suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and

indignity. All of said injuries may be permanent.

### IX. TENTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

47. Paragraphs 1 through 46 are hereby realleged and incorporated by reference herein.

48. That Defendants were acting in furtherance of the duties owed to his employer, Defendant CITY.

49. That at all times Defendants acted within the scope of their employment.

50. That Defendant CITY was able to exercise control over Defendants' activities.

51. That Defendant CITY was liable for their actions under the doctrine of respondeat superior.

52. That by reason of the foregoing, MARTINEZ suffered psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

### X. ELEVENTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE DETENTION)

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. That in detaining MARTINEZ on a warrant which was not his, the detention and imprisonment of MARTINEZ was unlawful.

55. That Defendant CITY had no legal cause nor excuse to detain MARTINEZ for a period of approximately ten days.

56. That Defendant CITY detained MARTINEZ excessively in violation of MARTINEZ's civil rights.

57. That Defendant CITY should have expeditiously investigated this matter and released MARTINEZ at the conclusion of his lawful sentence.

58. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MARTINEZ's rights, deprived MARTINEZ of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York

59. That in so acting, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

60. That upon information and belief, in 2006, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

61. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

62. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

63. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MARTINEZ's rights alleged herein.

64. That Defendant, through its officers, agents and employees, unlawfully incarcerated MARTINEZ for a period of ten days despite the knowledge there was no valid warrant pending against MARTINEZ.

65. That after MARTINEZ spent an extra ten days in prison, the criminal matter was terminated in his favor and the court dismissed all charges against him and he was released from the confines of prison.

66. By reason of the foregoing, MARTINEZ suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, MARTINEZ has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

WHEREFORE, MARTINEZ respectfully requests that judgment be entered:

1. Awarding MARTINEZ compensatory damages in a full and fair sum to be

   determined by a jury;

2. Awarding MARTINEZ punitive damages in an amount to be determined by a jury;

3. Awarding MARTINEZ interest from January 28, 2006; and

4. Awarding MARTINEZ reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
June 19, 2007

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072