UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARTIN MARTINEZ,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
FRAUNDORFER Shield # 18836,

                              Defendantss.

------------------------------------------------------------------------- x

**ANSWER**

JURY TRIAL DEMANDED

07 Civ. 5811 (PAC)

      Defendants City of New York and Police Officer Fraundorfer, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

      1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as stated therein.

      3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

      4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City is a municipal corporation. Defendants further respectfully refers this Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant Fraundorfer is employed as a police officer with the New York City Police Department.

6. Admit the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on May 1, 2006.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that payment has not been made.

13. In response to the allegations set forth in paragraph "13" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Defendants state that the allegations set forth in paragraph "23" of the complaint constitute legal conclusions to which no response is required.

24. Defendants state that the allegations set forth in paragraph "24" of the complaint constitute legal conclusions to which no response is required.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

48. Defendants state that the allegations set forth in paragraph "48" of the complaint constitute legal conclusions to which no response is required.

49. Defendants state that the allegations set forth in paragraph "49" of the complaint constitute legal conclusions to which no response is required.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint,

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61"of the complaint.

62. Deny the allegations set forth in paragraph "62"of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

67. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

68. Any injuries in the complaint were caused, in whole or in part, by plaintiff's culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

69. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

70. Plaintiff provoked any incident.

## FOR A FIFTH AFFIRMATIVE DEFENSE

71. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR A SIXTH AFFIRMATIVE DEFENSE

72. There was probable cause for plaintiff's arrest and prosecution.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in part, by failing to comply with all conditions precedent to suit.

## FOR A NINTH AFFIRMATIVE DEFENSE

75. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## FOR A TENTH AFFIRMATIVE DEFENSE

76. At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

WHEREFORE, defendants City of New York respectfully and Police Officer Fraundorfer request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      August 8, 2007

    MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    Attorney for Defendants City and Fraundorfer
    100 Church Street
    Room 3-212
    New York, New York 10007
    (212) 788-0823

    By: _____
        Hillary A. Frommer (HF 9286)
        Senior Counsel

TO:    David Zelman, Esq.
        612 Eastern Parkway
        Brooklyn, New York 11225

Index No. 07 Civ. 5811 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN MARTINEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER FRAUNDORFER Shield # 18836,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Fraundorfer*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 200......*

*............................................................................ Esq.*

*Attorney for ............................................................*