David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, New York
11225
(718) 604-3072


Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Ct Rm 20C
New York, New York 10007                                              October 23, 2007



                Re: <u>Martin Martinez v. City of New York, et. al.</u>
                    Civ No.: 07 CV 5811


Hon. Paul A. Crotty:

      Pursuant to your Honor's rules, the following letter requests a conference on Plaintiff's anticipated motion addressing discovery issues in this matter. Plaintiff's counsel also seeks sanctions for frivolous conduct which necessitates this motion. This matter was discussed with defense counsel today and defense counsel reiterated that she would rely on her objections. However, defense counsel did say that she was not yet in receipt of the criminal court file and therefore could not produce certain items, such as the criminal court complaint and a photo of the plaintiff and any other documents which might be in the court file.

      Plaintiff brings this civil rights case pursuant to 42 U.S.C. Section 1983 for false arrest, malicious prosecution and excessive detention. Plaintiff claims that on January 28, 2006, while driving a vehicle defendant Police Officer Fraundorfer stopped plaintiff. Following a review of plaintiff's license and registration, defendant Fraundorfer placed plaintiff in custody and explained to him that there was a warrant for his arrest. Defendant Fraundorfer charged plaintiff with two counts of unlicensed operation of a motor vehicle and a seat belt offense. According to Court records, those charges were resolved on January 29, 2006 on a plea and payment of a fine. According to court records, Plaintiff was released on his own recognizance. However, Plaintiff was not released from custody at that time. Plaintiff was released from custody on February 6, 2006, some ten days later. It was determined at the conclusion of the ten day period that the warrant plaintiff was held on was actually a warrant for Mario Martinez and not plaintiff. It is alleged, inter alia, that Fraundorfer could easily have determined that plaintiff was not wanted on any warrant and/or was not Mario Martinez, however, Fraundorfer neglected and/or refused to do so.

On or about July 19, 2007, Plaintiff served a First Set of Document Demands. A response to said demands was received on or about September 27, 2007. On October 1, 2007, Plaintiff's counsel faxed a letter to defense counsel explaining that the September 27 response ("response") was deficient in a number of respects and asserts a frivolous argument and should be withdrawn.

The substance of plaintiff's application is as follows. In furtherance of Plaintiff's claims, plaintiff demanded rules, regulations and/or manuals regarding arrests for a warrant, VTL 1229-C-3 (seat belt), violation of probation and/or bench warrant. No documentation was provided. In the response, defendant argued that since plaintiff pled guilty to "offenses" Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) barred plaintiff's claims and therefore no discovery would be produced. In response to this argument, plaintiff informed defense counsel that this is a frivolous argument and irrelevant to discovery in this matter. It was stated to defense counsel in the "safe harbor" letter that the claim for false arrest is currently pending before this Court and therefore any anticipated bar to recovery would never be a bar to discovery. Defense counsel refused to produce the documentation insisting that plaintiff's claims will be barred. This defense required this motion.

Defendant further refused to provide any documentation in response to Plaintiff's demands 9, 10, 11, 12 and 13. These demands dealt with personnel and disciplinary records of the individual defendant and all responding officers, CCRB records, Internal Affairs records and performance reviews. Plaintiff's counsel cited the following legal authorities in support of these records: Fountain v. City of New York, 2004 U.S. Dist. LEXIS 7539, (SDNY, 2004) ."Several courts in this district have also rejected the objection, made on occasion by the City of New York, to the production of unsubstantiated CCRB complaints on grounds of relevance. "Although a CCRB finding that a complaint was 'Unfounded' or 'Unsubstantiated' may be relevant to an accusation's admissibility at trial, plaintiffs should be afforded the opportunity to review the file." Reyes v. City of New York, 2000 U.S. Dist. LEXIS 15078, 00 Civ. 2300, 2000 WL 1528239, at *2 (S.D.N.Y. Oct. 16, 2000); see also Castro v. City of New York, 1996 U.S. Dist. LEXIS 8940, 94 Civ. 5114, 94 Civ. 6767, 1996 WL 355378 (S.D.N.Y. June 27, 1996) ("For discovery purposes, the complaints satisfy the requirements that their disclosure may lead to the discovery of admissible evidence."); Malsh v. New York City Police Dep't, 1995 U.S. Dist. LEXIS 4663, 92 Civ. 2973, 1995 WL 217507, at *1-2, (S.D.N.Y. Apr. 11, 1995) (same); Morrissey, 171 F.R.D. at 88. The Relevance of the Disciplinary Matters to the Allegations in the Complaint Will Be Considered."

This Court should also consider the following holding when ruling on whether the demanded records are discoverable:

> Two other cases, Barrett v. City of New York, 237 F.R.D. 39, 41-42 (E.D.N.Y. 2006) and Unger v. Cohen, 125 F.R.D. 67, 70 (S.D.N.Y. 1989), suggest that the relevance of the documents at issue should be determined before allowing disclosure even though the defendant has not made a substantial threshold showing of harm. In Barrett, the plaintiff

alleged false arrest, illegal strip search, malicious prosecution and fabricated evidence in a civil rights action under 42 U.S.C. § 1983. Barrett, 237 F.R.D. at 40. Plaintiff moved to compel the discovery of all "unsubstantiated Civilian Complaint Review Board (CCRB), Internal Affairs Bureau, and internal NYPD disciplinary records, regardless of the nature of the complaint." Id. The court first decided on the relevance of these documents to the plaintiff's case and then went on to analyze the issue of privilege. The relevance analysis focused on the fact that the complaints against the police officers involved events that occurred after the events at issue in the action. The court in Barrett stated that "all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable" and that investigations that post-date the filing of the current action could be relevant to "issues of pattern, intent, and absence of mistake." Id. at 41. The court held, however, that the CCRB records containing allegations wholly unrelated to those alleged in the complaint are not relevant and need not be disclosed to the plaintiff. Id. at 40. The court further held that, because defendants failed to specifically identify any potential harm that may result from the requested disclosure, the relevant and discoverable CCRB complaints would not be precluded from discovery.

McKenna v. The Incorporated Village of Northport et. al., 2007 US DIST LEXIS 50934 (EDNY, 2007).

In this case, plaintiff claims he was arrested and detained for an excessive period of time after he was mistaken for an individual named Mario Martinez who was apparently wanted on a warrant. This case alleges that defendants had a policy of arresting the "wrong" person for warrants and failing to properly investigate the warrants, the wanted individuals and the arrested persons to determine who in fact was wanted. It is also alleged that defendants have a policy of not promptly and expeditiously determining if the held person is in fact wanted. Therefore, plaintiff's demands for the requested documents are relevant and defendant should be ordered to produce same for that reason alone. In addition, defendant has not made any showing of privilege for the Court to consider. At the very least, in camera inspection is appropriate. See, Thompson v.City of New York, 2006 US DIST LEXIS 4797, (SDNY, 2007).

Items 17, 18 and 19 were objected to. Plaintiff demanded a photograph of the plaintiff, a photo of Mario Martinez, the wanted person and all documents concerning Mario Martinez which the City has in their possession. Defendants produced nothing with respect to these demands and objected as overbroad, private and/or "protected by privilege." In order for this Court and plaintiffs to properly analyze this matter, it is required that any documents utilized and/or in possession of the City which led their employees to believe that plaintiff was wanted be produced. This is obvious in this action and the City's non specific objections are frivolous in light of the claims in this matter. See, Winfield v. United States, 430 F. Supp. 912 (SDNY, 1977).

    Lastly, basic documents in a police misconduct civil rights case were demanded and not produced. DMV records (abstract) used to determine the status of plaintiff's license was not produced as well as a criminal court complaint. These documents are created in virtually every criminal case in New York City. Defense counsel stated she would provide the undersigned with documents she plans to receive from the criminal court file.

    For the above reasons, the plaintiff requests that this Court issue an Order compelling production of the demanded materials in this matter and award a reasonable sanction to plaintiff for defendant's frivolous insistence that discovery should not be had in this matter because of the <u>Heck v. Humphrey</u> doctrine and refusal to produce documentation regarding the wanted individual, Mario Martinez.

    Thank-you for your consideration.

    Very Truly Yours,

    _____

    David A. Zelman, Esq.,

<u>Via Fax: 212 788 9776</u>

Hillary Frommer, Esq.

Corporation Counsel

City of New York

100 Church Street

New York, New York 10007