David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, New York
11225
(718) 604-3072

Honorable Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street, Ct Rm 20C
New York, New York 10007                                November 14, 2007

Re: <u>Martin Martinez v. City of New York, et. al.</u>
Civ No.: 07 CV 5811

Hon. Paul A. Crotty:

I write in brief response to defense counsel's letter dated November 14, 2007.

First, defense counsel claims that "...it is undisputed that defendant Officer Fraundorfer arrested plaintiff on January 28, 2006 for failing to wear his seat belt and for driving with a suspended license." Defense counsel is incorrect. My client informs me that Officer Fraundorfer stopped plaintiff and informed him that there was a warrant for his arrest. Therefore, the issue as to why plaintiff was taken into custody is disputed.

Second, defense counsel states that the law is "well settled" that a guilty plea to a violation bars any claim for false arrest or malicious prosecution." This claim is wildly exaggerated. See, <u>Graebe v. Falcetta</u>, 726 F. Supp. 36, (EDNY, 1989), <u>Posr v. Doherty</u>, 944 F.2d 91, (2nd Cir., 1991); <u>Janetka v. Dabe</u>, 892 F.2d 187, (2nd Cir., 1989 (When a termination is indecisive because it does not address the merits of the charge, the facts surrounding the termination must be examined to determine "whether the failure to proceed implies a lack of reasonable grounds for the prosecution." <u>Conway</u>, 750 F.2d at 215. Employing this analysis, terminations less favorable than an acquittal have been found to be favorable for purposes of a malicious prosecution claim. See, e.g., <u>Keller v. Butler</u>, 246 N.Y. 249, 253-54, 158 N.E. 510 (1927) (favorable termination where Governor refused extradition after arrest in New York State on charges in Florida); Reit v. Meyer, 160 A.D. 752, 146 N.Y.S. 75 (1st Dep't 1914) (dismissal for failure to prosecute was favorable termination). *See generally Restatement (Second) of Torts* § 659 (1977) (examples of favorable terminations). Defense counsel had every opportunity to raise these issues in a 12(b)(6) motion and declined to do so. To now claim that plaintiff is not entitled to discovery on pending claims because they will ultimately be dismissed is frivolous.

1

Plaintiff respectfully requests attorneys fees for having to respond to his frivolous argument.

Defense counsel claims that only defendant's disciplinary records regarding substantiated claims of a similar nature need to be produced in this matter. However, all of these items are discoverable and defense counsel points to no prejudice which would result if defendant were required to produce all disciplinary records regarding the defendant officer, substantiated or otherwise. Fountain v. City of New York, 2004 U.S. Dist. LEXIS 7539, (SDNY, 2004).

Defense counsel claims that Mario Martinez "cannot be identified." This argument is specious. Plaintiff's criminal defense counsel was handed several documents regarding Mario Martinez by the District Attorney's office during the criminal phase of this matter. One of the issues presented during plaintiff's detention was whether plaintiff was Mario Martinez. The City of New York routinely requests the District Attorney's file in police misconduct cases. However, it appears that defense counsel has neglected to do so. Had defense counsel done so, defense counsel would have been provided the warrant which was provided to criminal defense counsel. Mario A. Martinez is a male, 5-9, DOB: 01-30-74, NYSID # 9067156H and his social security number is available to defense counsel upon request. Defense counsel never requested this information from my office. In sum, defense counsel's arguments that Mario Martinez cannot be located is specious and could easily have been avoided.

While it is true that the City of New York may not possess the criminal court file or its contents, it would be proper for the City of New York to request those records from the appropriate agencies in light of the fact that an officer employed by the City of New York brought a criminal proceeding against the within plaintiff which terminated when it was determined that the plaintiff was not wanted on an outstanding warrant for another person with a different name. The City has a responsibility to take reasonable efforts to gather discovery and exchange relevant documents with opposing counsel. See, McConnell v. Costigan, 2001 U.S. Dist. LEXIS 18736, (SDNY, 2001).

Lastly, it should be pointed out to the Court that this matter should be analyzed in the context of Carbajal v. Vill. of Hempstead, 2006 U.S. Dist. LEXIS 22411, (EDNY, 2006). In Carbajal, the Court held:

> The fact that police officers arrest an individual with a different name than the one used by the actual perpetrator is, by itself, insufficient for a finding that the arrest was unreasonable, since, as the Supreme Court has recognized, "aliases and false identifications are not uncommon." See Hill, 401 U.S. at 803. Regarding the detectives' failure to undertake further investigation, including obtaining a translation of the videotape dialogue, "the police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it." Richards v. City of New York, 2003 U.S. Dist. LEXIS 8037, No. 97 Civ. 7990, 2003 WL 21036365, at *15 (S.D.N.Y. May 7, 2003) (quoting Gisondi v. Harrison, 72 N.Y.2d 280, 285, 528 N.E.2d 157, 532 N.Y.S.2d 234 (1988)). Yet "the police may not purposely withhold or ignore exculpatory evidence that, if taken into account, would void probable cause." Id. (citing Gisondi, 72 N.Y.2d at 285). Indeed, "a failure to make further inquiry when a reasonable person would have done so may evidence a lack of probable cause." Id. (quoting Ramos v. City of New York, 285 A.D.2d

284, 729 N.Y.S.2d 678 (1st Dep't 2001)).

Here, particularly where plaintiff's claims include malicious prosecution, a jury could find that no reasonably competent police officer would have proceeded to arrest plaintiff--not in an emergency situation but several months later--without knowing the contents of the videotape dialogue or obtaining a positive identification from the CI, who was the [*16] only person who directly spoke to the man selling drugs on the videotape. Although, based on the court's review of the pictures of plaintiff as provided by the parties, there are arguably some resemblances between plaintiff and the man on the videotape, a jury could conclude that the two men are so dissimilar that reasonable officers would not disagree on whether to arrest plaintiff when faced with the evidence available. In sum, a "reasonable trier of fact could find that the defendants' actions were objectively unreasonable." See Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995).

Carbajal at 14-16.

Plaintiff should be afforded an opportunity to demonstrate that defendants' efforts to ascertain plaintiff's identity were objectively unreasonable and that plaintiff was illegally and excessively detained due to the defendant's objectively unreasonable conduct.

Thank-you for your consideration.

Very Truly Yours,

David A. Zelman, Esq.,

Via Fax: 212 788 9776
Hillary Frommer, Esq.
Corporation Counsel
City of New York
100 Church Street
New York, New York 10007

3